UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CANTANDO,<br>　　　　Plaintiff,<br>　　v.<br>KRISTINE KARKANEN,<br>　　　　Defendant. | Case No. 18-cv-05295-DMR<br><br>**ORDER TO SHOW CAUSE RE:<br>SUBJECT MATTER JURISDICTION** |

On June 13, 2018, Plaintiff James Cantando filed a request for civil harassment restraining orders against Defendant Kristine Karkanen in Contra Costa County Superior Court. [Docket No. 1 at ECF pp. 26-32.] On July 31, 2018, Defendant Kristine Karkanen removed the action to the United States District Court for the Northern District of Texas, which transferred the case to this District. [Docket Nos. 3, 6.]

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under "the Constitution, laws, or treaties of the United States." "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A

district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332.

"If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Id*.

Here, the underlying action is a request for civil harassment restraining orders against Defendant Karkanen. Karkanen alleges that removal is proper because she is a party in an "associated action" pending in the Northern District of Texas against Cantando in which the plaintiff alleges violations of federal civil rights under 42 U.S.C. § 1983. However, Karkanen cites no authority to support her claim that the related case justifies removal, and there appears to be no basis for removal jurisdiction over the state court proceeding seeking injunctive relief based on alleged civil harassment. Further, there is no indication that the requirements of diversity jurisdiction are satisfied. Cantando lists his address as in Pleasant Hill, California and Karkanen asserts that she lives in Fremont, California, and nothing in the notice of removal indicates that the $75,000 amount in controversy requirement is satisfied. [Docket No. 3 at ECF p. 36.]

In light of the foregoing, the court orders Karkanen to respond by September 21, 2018 and explain in writing why this action should not be remanded to state court. If Karkanen fails to respond by that date or her response fails to establish a basis for federal subject matter jurisdiction, the court will prepare a report and recommendation recommending that a district judge remand the action to Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: September 10, 2018

_____
DONNA M. RYU
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CANTANDO,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTINE KARKANEN,<br><br>    Defendant. | Case No. 4:18-cv-05295-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 10, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Cantando
20766 Cattle Drive
Redding, CA 96003

Kristine Karkanen
8900 Independence Parkway #7201
Plano, TX 75025

Dated: September 10, 2018

                                            Susan Y. Soong
                                            Clerk, United States District Court

                                            By:_____
                                            Ivy Lerma Garcia, Deputy Clerk to the
                                            Honorable DONNA M. RYU