UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CANTANDO,<br><br>  Plaintiff,<br><br>v.<br><br>KRISTINE KARKANEN,<br><br>  Defendant. | Case No. 18-cv-05295-JST<br><br>**ORDER REMANDING CASE**<br><br>Re: ECF No. 19 |

Defendant Kristine Karkanen removed this case from the Superior Court of Contra Costa County to the U.S. District Court for the Northern District of Texas. ECF No. 3 at 1-3. After finding that Karkanen's notice of removal was nearly identical to one she filed in a case previously remanded by this Court, the Court ordered Karkanen to show cause no later than October 31, 2018, why this matter should not also be remanded for lack of federal jurisdiction. ECF No. 19. Karkanen has filed no response. Accordingly, the Court will remand the case to state court.

"[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by [a] defendant . . . to [a federal] district court." 28 U.S.C. § 1441(a). If the district court determines that it lacks jurisdiction, the action must be remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citation omitted). The court "resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted).

Here, Karkanen has not met her burden of showing that federal jurisdiction exists. Thus, this action is hereby REMANDED to Contra Costa County Superior Court.

**IT IS SO ORDERED.**

Dated: November 8, 2018



JON S. TIGAR
United States District Judge